**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE CAMPOS and JULIO CAMPOS on behalf of themselves and similarly situated laborers, | |
| Plaintiffs, | Case No. |
| v. | Judge |
| PERSONNEL STAFFING GROUP, LLC d/b/a MVP, MVP WORKFORCE, LLC and W2 ENTERPRISES, LLC, | Magistrate Judge |
| Defendants. | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs Jose Campos and Julio Campos on behalf of themselves and all other persons similarly situated, known and unknown, for their Complaint against Personnel Staffing Group, LLC d/b/a MVP ("MVP"), MVP Workforce, LLC ("Workforce") and W2 Enterprises, LLC ("W2") (collectively "Defendants"), state as follows:

**I.      NATURE OF THE CASE**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated employees in violation of the FLSA and the IMWL. For claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA. 29 U.S.C. §216(b). Plaintiffs' consents to represent are attached hereto as Group Exhibit A.

## II.     JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as Defendants have maintained offices and transacted business within this jurisdiction at all relevant times.

## III.     PARTIES

**Plaintiffs**

4. Each Plaintiff has:

    a. resided in and is domiciled in within this judicial district in Illinois;

    b. handled goods that have moved in interstate commerce; and

    c. been an "employee" of Defendants MVP, Workforce and W2 in Illinois as that term is defined by the FLSA and the IMWL;

**Defendants**

5. At all relevant times, Defendant MVP has:

    a. been a corporation organized under the laws of the state of Florida and been located in and conducted business within this judicial district;

    b. been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c. had two or more employees who have handled goods which have moved in interstate commerce;

    d. been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3(c); and

    e. has operated as a single enterprise with Workforce and W2 as a unified operation with common control.

6. At all relevant times, Defendant Workforce has:

a. been a corporation organized under the laws of the state of Delaware and been located in and conducted business within this judicial district;

b. been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

c. had two or more employees who have handled goods which have moved in interstate commerce;

d. been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3(c); and

e. has operated as a single enterprise with MVP and W2 as a unified operation with common control.

7. At all relevant times, Defendant W2 has:

a. been a corporation organized under the laws of the state of Illinois and been located in and conducted business within this judicial district;

b. been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

c. had two or more employees who have handled goods which have moved in interstate commerce;

d. been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3(c); and

e. has operated as a single enterprise with MVP and Workforce as a unified operation with common control.

### IV. COMMON FACTS

8. Defendants MVP and Workforce are temporary staffing agencies which specialize in providing laborers to third party client companies.

9. Defendants MVP and Workforce utilize vans and busses to transport their temporary employees to and from third party client companies and to and from their homes.

10. On information from the drivers, the vans and busses utilized to transport the temporary laborers are owned by MVP.

11. In the three years prior to the filing of this lawsuit, the drivers have been on the payroll of, alternately, MVP, Workforce and/or W2.

12. At all relevant times, MVP, Workforce and W2 have operated as a single enterprise in that the three companies have unified operations and/or common control.

13. MVP, Workforce and W2 have unified operations in that, *inter alia*, they:

    a. MVP and Workforce are both in the business of providing temporary laborers, for a fee, to companies to supplement that company's workforce;

    b. MVP, Workforce and W2 jointly employ drivers who transport temporary laborers of both MVP and Workforce;

    c. The drivers transport laborers to and from the offices of both MVP and Workforce at the same time;

    d. The drivers transport are transporting laborers from the other's companies together in vans or busses owned and operated by MVP;

    e. The drivers for MVP, Workforce and W2 are supervised by a single MVP supervisor; and

    f. The three entities share other human resources, such as payroll functions.

14. MVP and Workforce have unified operations in that, *inter alia*:

    a. They share a corporate offices;

    b. They have ownership and management personnel in common, including, by way of example

        (i) The Managing Partner of W2 is the president of MVP;

        (ii) The Managing Partner of Workforce is the Chief Operating Officer ("COO") of MVP and signs on checks; and

        (iii) The drivers for MVP, Workforce and W2 are supervised by a single MVP supervisor.

15. In the three years prior to the filing of this Complaint, Plaintiffs and other similarly situated drivers were required to work for MVP, Workforce and/or W2 in excess of forty (40) hours per week without receiving overtime compensation.

**COUNT I**
**Violation of the FLSA – Overtime Wages**
*Plaintiffs and a class as to Defendants MVP, Workforce W2*
*Section 216(b) Collective Action*

Plaintiffs incorporate and re-allege paragraphs 1 through 15 as though set forth herein.

16. This Count arises from Defendants MVP, Workforce and W2's violation of the FLSA for their failure to pay Plaintiffs and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 8 – 15, *supra*.

17. In certain individual work weeks, Defendants MVP, Workforce and/or W2 directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three years prior to the filing this lawsuit.

18. Plaintiffs were not exempt from the overtime provisions of the FLSA.

19. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

20. Defendants MVP, Workforce and W2 did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks as set forth in detail in paragraph 15, *supra*.

21. Defendants MVP, Workforce and/or W2 likewise directed other similarly situated, non-exempt employees to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

22. Defendants MVP, Workforce and/or W2 did not pay other similarly situated employees overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

23. Defendants MVP, Workforce and W2's failure to pay Plaintiffs and other similarly situated employees the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

24. Plaintiffs are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendants MVP, Workforce and W2's violation of the FLSA was willful.

WHEREFORE, Plaintiffs and the class they represent pray for a judgment against Defendants MVP, Workforce and W2 as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiffs' consent to represent are attached hereto as Group Exhibit A;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendants MVP and Workforce have violated the FLSA;

E. That the Court enjoin Defendants MVP and Workforce from further violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL – Overtime Wages
*Plaintiffs as to all Defendants*

Plaintiffs incorporate and re-allege paragraphs 1 through 24 as though set forth herein.

25. This Count arises from Defendants MVP, Workforce and W2's violation of the IMWL for their failure to pay Plaintiffs one and a half times their regular rate of pay for all time

6

worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 8 – 15, *supra*.

26. In certain individual work weeks, Defendants MVP, Workforce and/or W2 directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual work weeks in the three years prior to the filing this lawsuit.

27. Plaintiffs were not exempt from the overtime provisions of the FLSA.

28. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendants MVP, Workforce and W2 did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks as set forth in detail in paragraph 15, *supra*.

30. Defendants MVP, Workforce and W2's failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the IMWL.

31. Plaintiffs are entitled to recover unpaid overtime wages for three years prior to the filing of this lawsuit pursuant to the IMWL.

    A. A judgment in the amount of all back overtime wages due to Plaintiffs as provided by the IMWL;

    B. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12 and the IDTLSA, 820 ILCS 175/95;

    D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: November 23, 2015

<u>*s/Christopher J. Williams*</u>
Christopher J. Williams (ARDC #6284262)
Alvar Ayala (ARDC #6295810)
Neil Kelley (ARDC # 6306308)
Workers' Law Office, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121

Attorneys for Plaintiff**s**